## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ADAM LUJANO, #R44373,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 25-cv-01452-SMY** |
| | ) | |
| **JEREMIAH BROWN,** | ) | |
| **BURTON (Warden), and** | ) | |
| **JOHN DOE KITCHEN SUPERVISOR,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Adam Lujano, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims his meals are not being prepared according to his religious requirements, in violation of his constitutional rights. (Doc. 1). He seeks monetary damages and injunctive relief. (Docs. 1, 3). Also pending is Plaintiff's motion seeking a preliminary injunction and temporary restraining order ("TRO") (Doc. 3).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Since January 2025,

1

Plaintiff, who is Muslim, has not been receiving properly prepared religious diet trays (Doc. 1, pp. 2-5).  He has been forced to choose between following his religious practices and obtaining adequate nutrition.  Certain food should be served in Halal unopened packages and cooked food must be properly prayed over, but these steps are not being taken.  Plaintiff cannot eat the packages that have been opened.  He refuses to eat the improperly prepared food, and his weight has dropped from 200 pounds to 168 pounds.

Starting in January 1015, Plaintiff wrote to the John Doe Kitchen Supervisor informing him of these failures to adhere to the Muslim/Halal religious dietary practices and Plaintiff's resulting weight loss.  The Doe Kitchen Supervisor never responded.  Plaintiff also wrote Defendant Warden Brown more than 15 times, and filed grievances, also with no response.  Plaintiff spoke personally to Warden Burton on August 2, 2025 to inform her of the dietary issues and his weight loss.  Burton said she would talk to "them" but nothing has changed (Doc. 1, p. 3).  He has also sent officials websites explaining how to properly prepare food during Ramadan, to no avail.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1:    First Amendment claim against Brown the John Doe Kitchen Supervisor, and Burton, for refusing to provide Plaintiff with a religious diet that conforms to Muslim/Halal dietary practices, thus depriving him of adequate nutrition and substantially burdening his right to freely practice his religion.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is

plausible on its face.").

## Discussion

### Count 1

Observance of religiously mandated dietary restrictions is a form of religious practice protected by the First Amendment. *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990) (citing cases). However, a prison regulation that impinges on an inmate's First Amendment rights is nevertheless valid "if it is reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Such interests include inmate security and the proper allocation of limited prison resources. *See O'Lone* at 348, 352-53; *Turner*, 482 U.S. at 90; *Al-Alamin v. Gramley*, 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991).

To state a claim under the First Amendment, a plaintiff must plead facts suggesting his "right to practice [his chosen religion] was burdened in a significant way." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005). Here, Plaintiff has done so regarding the denial of his Muslim/Halal diet. Therefore, Count 1 will proceed against Brown, Burton, and the John Doe Kitchen Supervisor.

## Official Capacity Claims

Plaintiff raises claims against each defendant in his or her individual and official capacities (Doc. 1, p. 2). The injunctive relief claim is properly brought against Jeremiah Brown, the Warden of Lawrence Correctional Center, in his official capacity. However, Plaintiff's claims for monetary damages may only be pursued against state officials in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against the other individual defendants are dismissed

without prejudice.

### Unknown/John/Jane Doe Defendant

Plaintiff is responsible for securing information aimed at identifying the Unknown/John Doe Kitchen Supervisor Defendant, in accordance with the John/Jane Doe Identification Order that will be entered separately. Once the name of the unknown defendant is obtained, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint. Lawrence Warden Brown, in his official capacity, will respond to Plaintiff's requests for information regarding the identity of the Unknown Defendant.

### Injunctive Relief[1]

Plaintiff seeks a TRO and/or a preliminary injunction ordering defendants to stop opening his food packs, and to have a "qualified person" pray over the cooked food (Doc. 1, p. 5), (Doc. 3).[2] A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED. R. CIV. P. 65(b)(2). A TRO may issue without notice ***only*** if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. FED. R. CIV. P. 65(b)(1). Because Plaintiff has not demonstrated the likelihood of immediate and irreparable harm before Defendants can be heard, his request for a TRO is **DENIED**.

A preliminary injunction may issue only after the adverse party is given notice and an

---

[1] Because the Complaint includes a request for injunctive relief, Lawrence Warden Brown will remain as a defendant in his official capacity regarding this request, as well as in his individual capacity.

[2] Doc. 3 is entitled "Order to Show Cause for a Preliminary Injunction [or] Temporary Restraining Order." It was docketed as a motion seeking this relief.

opportunity to respond. *See* FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he has some likelihood of succeeding on the merits, that no adequate remedy at law exists, and that he will suffer irreparable harm if injunctive relief is not granted. *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). If these elements are established, the Court must then balance the potential harm to the movant if the preliminary injunction were denied against the potential harm to the non-movant if the injunction were granted, and must consider whether granting the preliminary injunction is in the public interest. *Mays*, 974 F.3d at 810; *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018).

Defendants must be given an opportunity to file a response before the Court can resolve Plaintiff's motion. Accordingly, Warden Brown, in his official capacity, may respond to the motion for injunctive relief (Doc. 3) **within 14 days** of returning an executed waiver of service of process. The Court will then review the response and determine whether a hearing on the motion is necessary.

### Disposition

The Complaint states colorable claims in Count 1 against Warden Jeremiah Brown, Warden Burton, and the John Doe Kitchen Supervisor.

The Clerk shall prepare for Warden Jeremiah Brown (in his individual and official capacities) and Warden Burton: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, a copy of the motion at Doc. 3, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the

date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to

**ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  October 7, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.